## AFFIDAVIT OF SPECIAL AGENT JANET CONNOLLY IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Janet Connolly, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Boston office of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been an HSI Special Agent since 2008. I have been assigned to the Cyber Crimes and Child Exploitation Group since 2014. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. I have received training in the investigation of child exploitation offenses, including child pornography, and have reviewed examples of child pornography as defined in 18 U.S.C. § 2256. My specialized child exploitation training includes participation in the 2018 Atlanta National Law Enforcement Training on Child Exploitation, the 2016 Dallas Crimes Against Children Conference, and the 2015 New England Cyber Crime Conference.

2. I submit this affidavit in support of a criminal complaint charging Paul FEST, YOB 1970, of Boston, Massachusetts, with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal

complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. On December 15, 2020, at approximately 7:23 a.m., HSI agents, with the assistance of local law enforcement, executed a federal search warrant authorizing them to search a residential address located in the Beacon Hill neighborhood of Boston, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

5. FEST was present when agents arrived. Agents introduced themselves. FEST was advised of his *Miranda* rights, executed a written waiver of his *Miranda* rights, and agreed to speak with agents on scene. The interview, including *Miranda* advisements, was recorded; unless otherwise indicated, all statements set forth below are summary in nature.

6. After executing a written *Miranda* waiver, FEST admitted to agents that he had accessed child pornography on the internet, including using the dark web to access and obtain child pornography. FEST admitted to accessing chat rooms and message boards that provided hyperlinks to child pornography.

7. FEST identified various electronic devices located in the residence as belonging to him, including a Hewlett Packard (HP) desktop computer, Model 590-p0071; multiple tablet computers; and multiple external hard drives, including a SanDisk Ultra USB 3.0 256GB drive, bearing model number SDCZ48-256G, and serial number BQ200858177Z (the SUBJECT DEVICE).[1] FEST told agents that he used the HP desktop computer to access and view child pornography on the internet. Agents began conducting a preliminary on-

---

[1] The words "MADE IN CHINA" were also seen on the USB drive.

scene forensic examination of the HP desktop computer. During this exam, agents discovered reference to a drive labeled as "H" that contained some shortcuts that appeared to link to image or video files that had names consistent with child pornography files. In one example, the shortcut file "Evelyn – 11yo 2010 – Part 5.lnk" was located, and the information associated with this shortcut indicated that it linked to the original file "Evelyn – 11yo 2010 – Part 5.AVI", with an original file path of "H:\misc\stuff\Private\New folder\New folder\New folder\". The original file path drive letter H:\ indicated that the windows shortcut is associated with a file on an external device that had been connected to the HP desktop.

8. Agents asked FEST about the "H" drive. FEST identified the SUBJECT DEVICE as corresponding with the "H" drive.

9. FEST stated that the SUBJECT DEVICE was used to save child pornography images and videos that he obtained through links provided by other users on dark web sites, and he would view the retained files at later times. FEST stated to agents that he viewed child pornography as young as toddler age. FEST also stated that he viewed child pornography as recently as yesterday (December 14, 2020).

10. Agents conducted a preliminary on-scene exam of the SUBJECT DEVICE. The SUBJECT DEVICE contained approximately 3,338 files total. During the initial preview, agents observed at least 96 video files depicting child pornography.

11. Included among the child pornography files on the SUBJECT DEVICE were the following videos:[2]

   a. VIDEO 1: This video file is approximately 13 minutes and 7 seconds in length, and it depicts a prepubescent minor female who is approximately 8 to 10 years old. The entirety of the video depicts the prepubescent minor being sexually abused by an adult male in different instances. The video begins showing the prepubescent minor female dressed in a tiger costume, and an erect adult penis is being inserted into her mouth. In another instance, at approximately 9 minutes and 4 seconds into the video, the prepubescent minor female is seen kneeling, and adult erect penis is seen being inserted into her anus.

   b. VIDEO 2: The video file is approximately 2 hours 15 minutes and 14 seconds in length, which appears to be a compilation of videos, and depicts various nude prepubescent minors, both male and female, ranging in age from approximately 5 to 14 years old, engaged in sexual acts with other minors or adults. There are

---

[2] To avoid unnecessary in-person interaction given the health concerns posed by the current pandemic, I am not providing a copy of the video files described in this paragraph to the Court. I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images relied upon for the issuance of a search warrant in this context, to determine whether the images depict the lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 18-19 (1st Cir. 2001). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children in these videos appear to range in age from 5 to 14 years old—clearly younger than 18. The description of the files here is sufficiently specific as to the age and appearance of the alleged children and the sexual conduct in which they are engaged that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added).

      different instances of child pornography seen in the video. One example, at approximately 1 hour 14 minutes and 33 seconds into the video, depicts a nude prepubescent minor female with her legs spread apart and the camera focused on her vagina. An adult erect penis is seen ejaculating on the minor female's vagina.

    c.    VIDEO 3: The video file is approximately 34 seconds in length, and depicts a prepubescent minor female who is approximately 6 to 8 years old. She is seen wearing only a yellow shirt. The camera focuses on the minor female's vagina and anus. An adult hand is seen spreading the prepubescent minor female's vagina and anus apart and focusing the camera closer.

12.    The devices seized are being transported to the HSI forensic lab; analysis remains ongoing.

## CONCLUSION

13.    Based on all of the foregoing information, I submit that there is probable cause to believe that on various dates no later than December 14, 2020, FEST knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_SA Janet Connolly_
Special Agent Janet Connolly
Homeland Security Investigations

SUBSCRIBED and SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 15th day of December 2020.

HONORABLE DONALD CABELL
UNITED STATES MAGISTRATE JUDGE

